IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Northwestern Ohio Administrators, Inc. | : | Case No. 3:09 CV 00257 |
| Plaintiff, | : | |
| v. | : | |
| Meridieth Construction, Inc., | : | **MEMORANDUM DECISION AND ORDER** |
| Defendant. | : | |

The parties have consented to have the undersigned Magistrate Judge conduct all proceedings and enter judgment in this case filed pursuant to Employee Retirement Income Security Act (ERISA), 29 U. S. C. §1001 *et. seq*. Pending is Plaintiff's unopposed Motion for Summary Judgment (Docket No. 10). Having considered the pleadings and relevant case law, the Magistrate grants the Plaintiff's Motion for Summary Judgment.

## I.  FACTUAL BACKGROUND

Plaintiff, a nonprofit corporation organized and existing under the laws of the State of Ohio, is authorized to collect contributions and deductions due and owing for the Laborers Local 500 Profit Sharing Annuity Plan (Local 500) (Docket No. 1, ¶ 2). Defendant, a construction and related craft-work business, is an employer as that term is defined in 29 U. S. C. § 152(2), operating within its principal place of business in Toledo, Ohio (Docket No. 1, ¶s 3 & 6).  Defendant's President, Lonnie L. Meridieth, III,

employs workers represented by Local 500 (Docket No. 1, ¶s 3 & 4).

In his capacity as President, Mr. Meridieth entered into a contract with Laborers Local 500, Laborers District Council of Ohio, Laborers International Union of North America, AFL-CIO and Associated General Contractors of Northwest Ohio, Inc., Labor Relations Division setting forth the wages, hours and other conditions of employment for the stipulated period of July 1, 2007 through June 30, 2011 (Docket No. 1, ¶s 3 & 4). Under the terms of the agreement, Defendant was required to contribute to each and every employee benefit plan for all employees who were members of the collective bargaining unit represented by the union. Defendant was also required to report to the administrators of the plan, the hours paid for the full calendar year and submit all fringe benefit amounts due and owing on or before the 15th day of the following month (Docket No. 1, Exhibit A, pp. 16/30-17/30). If Defendant failed to remit the total fringe benefits amounts due and owing under the plan, Defendant was liable for the amount due, liquidated damages and attorney fees (Docket No. 1, Exhibit A, p. 17/30).

Defendant failed to submit the required reports and make the requisite contributions to the plan administrator in a timely manner. Plaintiff contends that Defendant may be ordered to pay the contributions, an assessment of twenty percent on unpaid contributions, attorney fees, court costs and liquidated damages of $1,118.41 plus additional amounts calculated from July 2008 through the date of judgment (Docket No. 1, ¶s 5, 6 & 7).

## II. JURISDICTION

Plaintiff filed this case seeking Defendant's compliance with the provisions of the labor contract. A fiduciary may bring a civil action to obtain other appropriate equitable relief, redress such violations or enforce any provisions of ERISA or the terms of the plan. *Medical Mutual of Ohio v. k. Amalia Enterprises Incorporated,* 548 F.3d 383, 388 (6th Cir. 2008) (*citing* 29 U. S. C § 1132(a)(3)). Federal

question jurisdiction, 28 U. S. C. § 1331, in this case, is premised on Plaintiff's federal cause of action brought under ERISA.

### III.  MOTION FOR SUMMARY JUDGMENT STANDARD

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Bennett v. City of Eastpointe,* 410 F.3d 810, 817 (6th Cir. 2005) (*citing* FED. R. CIV. P. 56(c)).  The burden is generally on the moving party to show that no genuine issue of material fact exists, but that burden may be discharged by "showing-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." *Id*. (*citing Celotex Corp. v. Catrett,* 106 S. Ct. 2548, 2553-2554 (1986) (internal quotation marks omitted)).  In reviewing a summary judgment motion, credibility judgments and weighing of the evidence are prohibited.  *Id.*  Rather, the evidence should be viewed in the light most favorable to the nonmoving party.  *Id.* (*citing Anderson v. Liberty Lobby, Incorporated,* 106 S. Ct. 2505, 2513 (1986)).  Thus, the facts and any inferences that can be drawn from those facts, must be viewed in the light most favorable to the nonmoving party.  *Id.* (*citing Matsushita Electric Industrial Company v. Zenith Radio Corporation*, 106 S. Ct. 1348, 1356 (1986)).

### DISCUSSION

After an audit, Plaintiff determined that Defendant failed to make the following payments:

| | |
|---|---|
| $12,744.10 | Fringe Benefit Contributions |
| $ 2,548.82 | Liquidated Damages |
| $   954.16 | Audit Costs |
| $1,118.41 | Unpaid Liquidated Damages for Late Payments. |

Defendant conceded in its answer that it did not make payments consistent with the terms of the collective bargaining agreement.  Since there are no issues of material fact, Plaintiff seeks judgment as a

matter of law.

ERISA helps assure that private-sector workers receive the pensions that their employers promise them. *Milwaukee Brewery Workers' Pension Plan v. Joseph Schlitz Brewing Company*, 115 S. Ct. 981, 985 (1995). To achieve this goal, ERISA requires employers to make contributions that would produce pension plan assets sufficient to meet future vested pension liabilities. *Id*. (*citing* 26 U.S.C. § 412 (minimum funding standards); 29 U.S.C. § 1082 (same); 29 U.S.C. § 1301 *et seq.* (termination insurance); 29 U.S.C. § 1364 (withdrawal liability)). Failure to make the contributions required by the collective bargaining agreement is a violation of 29 U.S.C. § 1145.

For any action to recover contributions under ERISA, 29 U.S.C. § 1132(g)(2) provides the terms of a remedy as follows:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan:

(A) the unpaid contributions,
(B) interest on the unpaid contributions;
(C) an amount equal to the greater of
    (I) interest on the unpaid contributions, or
    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under federal or state law) of the amount determined by the court under subparagraph (A),
(D) reasonable attorneys' fees and costs of the action, to be paid by the defendant, and
(E) such other legal or equitable relief as the court deems appropriate.

Interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under Section 6621 of Title 26.

The Promulgation of Rules and Regulations by the Board of Trustees of the Local 500, resolved

that in the event Defendant failed to remit the entire amount of the contributions due and owing to the plan and failed to file the official report form by the due date, liquidated damages would be configured at an amount equal to 5% of the total amount due for the first period of delinquency beginning with the sixteenth day of the month in which the report was due and 5% of the total amount due for the second month and 1% of the total amount due for the third and each consecutive succeeding month of delinquency (Docket No. 10, Attachment 6, Exhibit C, p. 2/7). If the matter proceeded to the commencement of legal proceedings, Defendant was required to pay to the trustees, reasonable legal fees and court costs incurred by the Trustees to effect collection plus an amount equal to the **greater** of interest at the current Internal Revenue Service rate on unpaid contributions accruing until the date of final payment or liquidated damages of 20% of the amount of the unpaid contributions (Docket No. 10, Exhibit C, p. 3/7).

In this case the delinquent contributions have been calculated by Plaintiff's collection manager and are undisputed (Docket No. 10, Exhibit 3, p. 4/5-5/5). The Magistrate finds that the amount of damages for delinquent contributions and liquidated damages are calculated according to the collective bargaining agreement and supplemental rules and regulations. Therefore, Plaintiff is awarded $12,744.10 in unpaid contributions plus interest calculated under 26 U. S. C. § 6621 only on the unpaid contributions.

Under the terms of the collective bargaining agreement and/or supplemental regulations, Plaintiff is obliged to pay a liquidated damages assessment fee of 20%. Accordingly, Plaintiff is entitled to an award totaling 20% of the $12,744.10 or $2548.82.

Under the terms of the supplemental regulations, Defendant is obligated to pay a liquidated damage assessment for late payments. Defendant was late in submitting contributions and/or official reporting forms during the months of April 2007, November 2007, February 2008, March 2008 and April 2008 (Docket No. 10, Exhibit 3, p. 5/5). The liquidated damage assessment equals $1,118.41.

Under the terms of the collective bargaining agreement, the trustees have the right to determine who shall bear the costs of the audit. The Magistrate has reviewed the affidavit and exhibits submitted by the collection manager. His request for audit fees is reasonable considering that he reviewed all of Defendant's records and compiled legally cognizable conclusions resulting from those records.

Finally, Plaintiff seeks an award of attorney fees. Under 29 U. S. C. § 1132(g), the court, in its discretion, may award reasonable attorney fees and costs in actions involving delinquent contributions. When exercising its discretion, the Sixth Circuit requires the district court to consider five factors in deciding whether to award attorneys' fees:

(1) the degree of the opposing party's culpability or bad faith;

(2) the opposing party's ability to satisfy an award of attorneys' fees;
(3) the deterrent effect of an award on other persons under similar circumstances;
(4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and
(5) the relative merits of the parties' positions.

*Mikolajczyk v. Broadspire Services, Incorporated*, 499 F. Supp.2d 958, 962 (N. D. Ohio 2007) (*citing Secretary of Department of Labor v. King,* 775 F.2d 666, 669 (6th Cir. 1985)). "Because no single factor is determinative, the court must consider each factor before exercising its discretion." *Id.* (*citing Secretary,* supra)(*see also Wells v. United States Steel,* 76 F.3d 731, 736 (6th Cir. 1996).

In its answer, Defendant accepts responsibility for failing to make payments consistent with the plan. Although commendable, this admission weighs against a finding that Defendant is not culpable.

Given the minimal number of pleadings filed, the Magistrate is unable to assess whether Defendant

6

can satisfy the award of attorney fees. This factor weighs neither for nor against an award of attorney fees.

The third factor is the deterrent effect of a fee award. Considering that Defendant is culpable, there is no evidence that Defendant attempted to mitigate the damages or make arrangements to pay. Such deliberate action is capable of deterrence. This factor weighs in favor of Plaintiff but is not case dispositive.

In order to satisfy the fourth factor, a plaintiff must "confer a common benefit on all participants of an ERISA plan or resolve significant legal questions regarding ERISA." *Id.* (*citing Marchant v. Faurecia Exhaust Systems*, 411 F. Supp.2d 834, 837 (S. D. Ohio 2005)). In this case, Plaintiff is seeking payment of amounts attributed to the fringe accounts of several laborers. This factor weighs in favor of Plaintiff.

The fifth factor requires that the court consider the relative merits of the parties' positions. In this case, Plaintiff prevails on its claims. While the party seeking attorney's fees in an ERISA action will always be the prevailing party, this fact is not dispositive of an award of attorneys' fees since Defendant failed to respond. Under these circumstances, the relative merits of the parties' positions weigh neither for nor against an award of attorneys' fees.

Overall, the Magistrate finds that Plaintiff's request for attorney fees should be granted if the amount of fees requested is reasonable.

When calculating a "reasonable" attorney fee, the lodestar approach, which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate, is employed. *Id.* (*citing Hensley v. Eckerhart,* 103 S.Ct. 1933, 1939 (1983); *Reed v. Rhodes,* 179 F.3d 453, 471 (6th Cir. 1999)). The trial judge may then, within limits, adjust the "lodestar" to reflect

relevant considerations peculiar to the subject litigation. *Adcock Ladd v. Secretary of Treasury,* 227 F. 3d 343, 349 (6th Cir. 2000) (*citing Reed,* 179 F.3d at 471-472). The factors which the district court may consider, either in determining the basic lodestar fee and/or adjustments, include the twelve listed in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974).

> These *Johnson* factors are:
> (1) The time and labor required by a given case;
> (2) The novelty and difficulty of the questions presented;
> (3) The skill needed to perform the legal service properly;
> (4) The preclusion of employment by the attorney due to acceptance of the case;
> (5) The customary fee;
> (6) Whether the fee is fixed or contingent;
> (7) Time limitations imposed by the client or the circumstances;
> (8) The amount involved and the results obtained;
> (9) The experience, reputation, and ability of the attorneys;
> (10) The 'undesirability' of the case;
> (11) The nature and length of the professional relationship with the client; and
> (12) Awards in similar cases.

*Id.* at fn. 8 (*citing Reed,* 179 F.3d at 471-472; *Johnson,* 488 F.2d at 717-19).

A highly important *Johnson* factor is the *result achieved. Id.* (*citing Hensley*, 103 S. Ct. at 1940). In situations where the plaintiff has obtained excellent results, his or her attorney should recover a fully compensatory fee. *Id.* (*citing Hensley*). Generally, a "strong presumption" favors the prevailing lawyer's entitlement to his lodestar fee. *Id.* (*citing City of Burlington v. Dague*, 112 S.Ct. 2638, 2641 (1992); *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 106 S.Ct. 3088, 3097 (1986) (*citing Blum v. Stenson*, 104 S.Ct. 1541, 1548 (1984)). Modifications to the lodestar method are proper only in certain 'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts. *Id.* (*citing Delaware Valley Citizens' Council,* 106 S. Ct. at 3097 (*citing Blum,* 104 S.Ct. at 1548; *See also Van Gerwen v. Guarantee Mutual Life Co.,* 214 F.3d 1041, 1045 (9th

Cir. 2000)).

A trial court, in calculating the 'reasonable hourly rate' component of the lodestar computation, should initially assess the 'prevailing market rate in the relevant community.' *Mikolajczyk, supra,* (*citing Adcock-Ladd*, 227 F.3d at 350; *Blum, supra*, 104 S.Ct. at 1547). There are numerous ways of demonstrating the prevailing market rates, including:

> (1)  affidavits of other attorneys or experts;
> (2)  citations to prior precedents showing reasonable rate adjudications for the fee applicant, for comparable attorneys, or for comparable cases;
> (3)  references to fee award studies showing reasonable rates charged or awarded in the relevant community;
> (4)  testimony of experts or of other attorneys in the relevant community;
> (5)  discovery rates charged by the opposition party; and
> (6)  reliance on the court's own expertise to recognize applicable prevailing rates.

*Id.* (*citing Disabled Patriots of America v. Genesis Dreamplex, LLC*, 2006 WL 2404140, 2006 U.S. Dist. LEXIS 58174 (N. D. Ohio 2006); *see also Parker v. Secretary of Health and Human Services,* 1992 WL 191102, *1, 1992 U.S. Cl.Ct. LEXIS 352 (Cl.Ct.1992) (*citing* NEWBERG, ATTORNEY FEE AWARDS 198 (1986)).

Plaintiff, in this case, did not present affidavits from other attorneys so the Magistrate will rely on her own experience and other case precedent to recognize that Plaintiff's request is consistent with prevailing rates in this community. In *Mikolajczyk, supra*, the plaintiff submitted affidavits of other attorneys in Toledo, Ohio, to show the prevailing market rate in the community. These affidavits include those of Tracy Lipinski of Franklin & Greenfield, LLC; Barry W. Fissel of Eastman & Smith, Ltd.; Cary Rodman Cooper of Cooper & Wilinski, and Richard M. Kerger, formerly a partner of Marshall & Melhorn. (Doc. 58-2). The rates referenced therein range from $165 per hour for a new partner, up to and including $340 per hour for some fully experienced senior partners. *Id*. The Magistrate is persuaded that the hourly rate of $155 requested by counsel is reasonable.

9

Next the Magistrate must assess whether the amount of hours submitted was reasonable. Plaintiff recorded a total of 23.75 hours expended by two attorneys and a paralegal. Both attorneys billed at a rate of $155 per hour and the paralegal billed at $75 per hour. The Magistrate is persuaded upon review of the listing of transactions, that the work performed by the attorneys and paralegal is not duplicative or redundant. The number of hours expended are reasonable.

The total award of attorney fees and costs is $4,253.30.

## IV. CONCLUSION

Plaintiff's Motion for Summary Judgment is granted and judgment is entered against Defendant in the following amounts: (1) $12,744.10 in delinquent fringe benefit contributions subject to the applicable interest as calculated under 26 U. S. C. § 6621; (2) $ 2,548.82 in liquidated damages; (3) $954.16 in audit costs, (4) $1,118.41 in unpaid liquidated damages for late payments and (5) $4,253.30 in attorney fees and costs.

IT IS SO ORDERED.

/s/ Vernelis K. Armstrong
United States Magistrate Judge

Date: January 7, 2010